

| CESAR RODRIGUEZ, | § | |
|---|---|---|
| TDCJ # 1526147, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-20-CV-19-DB |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Cesar Rodriguez petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1-1.[1] He challenges his robbery conviction in the 243rd Judicial District Court of El Paso County, Texas. *See State v. Rodriguez*, Cause No. 20080D00906 (243rd Dist. Ct. El Paso Cnty., Tex. May 29, 2008). He claims his trial and appellate counsel provided constitutionally ineffective assistance. Pet'r's Pet. 6. He also attacks the decision by the Amarillo parole commissioners to deny him parole. *Id.* He contends the commissioners did not meet with him and erroneously relied on an interview with an institutional parole officer before they denied him release to parole. *Id.* He asks the Court to appoint counsel, conduct an evidentiary hearing, order a new trial and sentencing, and order an interview by a parole commission. *Id.*

For the reasons discussed below, the Court will, on its own motion, dismiss Rodriguez's petition. The Court will additionally deny Rodriguez a certificate of appealability.

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

## BACKGROUND AND PROCEDURAL HISTORY

On February 4, 2008, Rodriguez and two associates surrounded a woman as she walked to a store in Canutillo, El Paso County, Texas. They demanded her money. After the victim claimed she had no cash, Rodriguez directed an accomplice to take a ring from her finger. While the victim attempted to remove the ring, she managed to escape, run to a store, and call the police. The police later caught Rodriguez, and the victim identified him as a person who tried to rob her.

A grand jury returned an indictment charging Rodriguez with two alternative theories of robbery. Paragraph A alleged Rodriguez intentionally or knowingly caused bodily injury to another. Paragraph B alleged Rodriguez intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death.

The trial jury determined Rodriguez was not guilty of robbery under Paragraph A, but he was guilty of robbery under Paragraph B. It further found Rodriguez's two prior felony convictions true and assessed punishment at thirty-five years' imprisonment.

The Eighth Court of Appeals affirmed Rodriguez's conviction and the Court of Criminal Appeals refused his petition for discretionary review on November 17, 2010. *Rodriguez v. State*, No. 08-08-00223-CR, 2010 WL 2163848 (Tex. App.—El Paso May 28, 2010, pet. ref'd).

After the conclusion of his direct appeals, Rodriguez filed five state writ applications. He submitted his first application on February 13, 2012, which the Court of Criminal Appeals denied without written order on April 25, 2012. He submitted a second application on July 23, 2014, which the Court of Criminal Appeals dismissed as a subsequent application on September 10, 2014. He submitted a third application on October 8, 2014, which the Court of Criminal Appeals dismissed as a subsequent application on December 10, 2014. He raised actual innocence claims in a fourth application filed on November 24, 2014, which the Court of

Criminal Appeals dismissed as a subsequent application on January 21, 2015. He filed a fifth application concerning his 2016 parole review on August 16, 2019, which the Court of Criminal Appeals dismissed with a written order on October 9, 2019.

Rodriguez asserted he was actually innocent in a prior § 2254 petition filed in cause number EP-15-CV-80-KC. He reasoned (1) the trial court abused its discretion by denying his motion to suppress the impermissibly suggestive identification made of him by the victim; (2) the State subjected him to double jeopardy when it indicted him with an unreasonable multiplication of charges; (3) the prosecutor knowingly relied on an indictment which contained an unreasonable multiplication of charges and never made an election as to the actual nature of the offense; (4) the trial court lost its jurisdiction once the jury found him not guilty of robbery, as described in Paragraph A; (5) the trial court erred when it denied his motion for a directed verdict; and (6) defense counsel provided constitutionally ineffective assistance when he failed to move for a mistrial after the jury found him not guilty of robbery under Paragraph A, object to the multiplicious indictment, and argue the State had subjected him to double jeopardy.

The Court concluded that Rodriguez's petition was time-barred, that he was not entitled to equitable tolling, and that it did not need to address the merits of his claims. *Rodriguez v. Stephens*, EP-15-CV-80-KC, 2015 WL 5824892, at *5 (W.D. Tex. Oct. 5, 2015).

In his instant § 2254 petition, Rodriguez claims his trial and appellate counsel provided constitutionally ineffective assistance. Pet'r's Pet. 6, ECF No. 1-1. He maintains they erred when they failed to challenge the victim's identification of him as her assailant. *Id.* He also claims the three Amarillo parole commissioners violated his rights when they denied him parole in 2019 by failing to interview him and relying on a report by an institutional parole officer. *Id.* at 7.

## APPLICABLE LAW

"[C]ollateral review is different from direct review," and the writ of habeas corpus is "an extraordinary remedy," reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It guards "against extreme malfunctions in the state criminal justice system." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It provides an important—but limited—examination of an inmate's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions.").

As a result, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They must generally defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must also defer to state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Indeed, a federal court may not grant relief to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *Id.* at 67–68; *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir.

4

1999). The AEDPA requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). More importantly, the AEDPA bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

"Although Congress did not define the phrase 'second or successive,' . . . the phrase does not simply 'refe[r] to all section 2254 applications filed second or successively in time.' " *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The Supreme Court permits a petitioner to pursue another petition without prior authorization from a court of appeals in three situations. First, a petitioner may proceed when he raises a claim which was not ripe at the time of his first application. *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007). Second, a petitioner may proceed when he raises a claim which was dismissed from his first application as premature but is now ripe. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998). Finally, a petitioner may proceed when he raises a claim which was previously dismissed for lack of exhaustion. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

5

An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham*, 168 F.3d at 774 n.7 ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

## APPOINTMENT OF COUNSEL

Rodriguez asks the Court to appoint counsel to assist him with his habeas petition. Pet'r's Pet. 7, ECF No. 1-1.

A § 2254 petitioner does not have a constitutional right to counsel in a habeas proceeding. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). But a court may, in its discretion, appoint counsel when "exceptional circumstances are present." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The existence of exceptional circumstances will turn on "the type and complexity of the case, and the abilities of the individual bringing it." *Id.* And a court must appoint counsel to represent a § 2254 petitioner if it determines that he qualifies for appointed counsel under 18 U.S.C. § 3006A, and that counsel is necessary for effective discovery or for an evidentiary hearing. *See* 28 U.S.C. foll. § 2254 Rule 6(a) (requiring a district court to assign counsel to financially eligible defendants "[i]f necessary for effective discovery"); 28 U.S.C. foll. § 2254 Rule 8(c) (requiring a district court to appoint

6

counsel to financially eligible defendants "[i]f an evidentiary hearing is warranted").

After reviewing Rodriguez's petition and the record, the Court finds the issues presented by him in his § 2254 petition are not particularly complex. The Court further finds that his § 2254 petition adequately highlights the issues and the pertinent facts in the record. The Court also finds it does not appear at this point in the proceedings that counsel will be necessary for either effective discovery or an evidentiary hearing. The Court finally finds the appointment of counsel would require an unnecessary use of limited judicial resources. Accordingly, the Court will deny Rodriguez's request for appointed counsel.

## ANALYSIS

### A. Ineffective Assistance of Counsel

Rodriguez first claims his trial and appellate counsel provided constitutionally ineffective assistance. Pet'r's Pet. 6, ECF No. 1-1. Specifically, he asserts they erred when they failed to object to the admission of what he describes as "illegal evidence" identifying him as the perpetrator. *Id.* He also contends the Amarillo parole commissioners violated his rights during a 2019 parole review by failing to interview him and relying on a report by an institutional parole officer. *Id.* at 7.

Rodriguez could have raised his ineffective-assistance-of-counsel claims in his prior petition. Although his prior petition was not dismissed on the merits, it was also not dismissed because his claims were neither ripe or nor exhausted. *See Panetti*, 551 U.S. at 947; *Slack*, 529 U.S. at 478. His petition was dismissed because it was time barred. *Rodriguez*, 2015 WL 5824892, at *5. Hence, his ineffective-assistance-of-counsel claims are successive within the meaning of the AEDPA.

7

Since Rodriguez has not shown the requisite authorization from the Fifth Circuit Court of Appeals to proceed on his ineffective-assistance-of-counsel claims, the Court finds it lacks the jurisdiction necessary to address them. *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681–82. The Court must accordingly dismiss these claims without prejudice to his re-filing, should he obtain proper approval from the Fifth Circuit.

**B. Due Process**

Rodriguez could not raise his procedural due process claim concerning his more recent experience with the Amarillo parole commissioners in his prior petition. Thus, this claim is not successive within the meaning of the AEDPA.

However, " 'neither habeas nor civil rights relief can be had absent the allegation by a plaintiff that he . . . has been deprived of some right secured to him . . . by the United States Constitution or the laws of the United States.' " *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)). And "[t]here is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Nevertheless, "States may . . . create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

8

"Texas law does not create a liberty interest in parole that is protected by the Due Process Clause." *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (citing *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)).[2] The Texas Constitution provides "[t]he Legislature shall have authority to enact parole laws." Tex. Const. art. IV, § 11. The legislative parameters of the Texas parole system permit parole panels alone to grant parole. Tex. Gov't Code § 508.141(b). And the Legislature does not require parole panels to interview inmates during the parole review process. *Id.* § 508.141(c). "[T]he ultimate result (parole or denial) is a matter left completely to the parole panel's discretion." *Johnson v. Rodriguez*, 110 F.3d 299, 304 (5th Cir. 1997). "It follows that because [a prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana*, 65 F.3d at 32 (5th Cir. 1995).

Consequently, Rodriguez's claim concerning the process used by the Amarillo parole commissioners when they denied him parole is not cognizable in a § 2254 petition.

### EVIDENTIARY HEARING

Rodriguez claims an evidentiary hearing is needed to resolve certain factual disputes. Pet'r's Pet. 7, ECF No. 1-1.

"Federal habeas review under 28 U.S.C. § 2254(d)(1) asks whether a state-court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *McCamey v. Epps*, 658 F.3d 491, 497

---

[2] *See Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000) ("Unlike parole, which requires that the Board vote in favor of release, the mandatory supervision statute requires that the offender be released absent Board action to the contrary. . . . The Supreme Court has determined that a liberty interest is created when state statutes use such mandatory language.").

(5th Cir. 2011). As a result, a federal habeas court review of a § 2254 petition is generally "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(d)(1)). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Consistent with this presumption, § 2254(e)(2) permits an evidentiary hearing only under narrow circumstances:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Cullen*, 563 U.S. at 185 ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing.").

To the extent § 2254(d)(1) does not apply to this case and § 2254(e)(2) continues to have force, the court finds that Rodriguez has failed to meet the narrow restrictions of § 2254(e)(2) and is not entitled to an evidentiary hearing.

### CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a movant's

10

constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists could not debate the Court's reasoning for dismissing Rodriguez's § 2254 claims on substantive or procedural grounds. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, the Court will not issue a certificate of appealability.

## CONCLUSION AND ORDERS

After carefully reviewing the record, and for the reasons stated above, the Court concludes it should, on its own motion, dismiss Rodriguez's petition. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Cesar Rodriguez's request appointed counsel is **DENIED.**

**IT IS FURTHER ORDERED** that Cesar Rodriguez's request for an evidentiary hearing is **DENIED.**

**IT IS FURTHER ORDERED** that Cesar Rodriguez's "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1-1) is **DISMISSED.**

**IT IS FURTHER ORDERED** that Cesar Rodriguez is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS**

MOOT.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this \_\_11th\_\_ day of February 2020.

_/s/ David Briones_
**DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE**